Cratsley, J.
*42 INTRODUCTION
This case comes before the Court on a motion for Summary Judgment by the plaintiff, Boston Police Officer William P. Hill, and a cross-motion for Summary Judgment by the defendant, Boston Police Commissioner William J. Bratton (now Paul Evans). In this Declaratory Judgment action the plaintiff seeks to have the Internal Affairs Division (hereinafter IAD) file concerning various citizen complaints against him declared a personnel record and disclosed to him pursuant to G.L.c. 149, §52C. The defendant contends that these records are exempt under the investigatory exemption contained in G.L.c. 4, §7, cl. 26th (f). For the reasons set out below this Court denies the motion of the plaintiff and grants the cross-motion of the defendant.
FACTS
The plaintiff, William Hill, has been a Boston Police Officer for over twenty years. On October 4, 1992, the Boston Globe published an article entitled, “Wave of Abuse Claims Laid to a Few Officers.” In that article several officers, including the plaintiff, were said to be still on the job despite numerous complaints against them. On December 4, 1992 the plaintiff was assigned to administrative duty. The decision to assign the plaintiff to this administrative duty was based, in part, on the number of complaints against him during his employment as a Boston Police Officer. On or about December 29, 1992 the plaintiff sent written notice to the Chief of the Bureau of Internal Investigations for the Boston Police Department (hereinafter “the Department), Ann Marie Doherty, requesting that he be allowed to review and copy his personnel records. The plaintiff was denied access to the IAD file concerning the complaints against him. In February 1993, the plaintiff brought this action to gain access to his Internal Affairs files. The plaintiff is currently assigned to full duty as a detective in district D-4.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and (further) that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). “A complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991), citing Celotex v. Catrett, 477 U.S. 317, 322.
This action was brought pursuant to G.L.c. 149, §52C which defines personnel records as follows:
“. . . a record kept by an employer[1] that identifies an employee, to the extent that the record is used or has been used, or may affect or be used relative to that employee’s qualifications for employment, promotion, transfer, additional compensation or disciplinary action.”
In addition §52C mandates disclosure of the personnel record to the employee with the following language:
Any employer receiving a written request from an employee shall provide the employee with an opportunity to review his personnel record. The review shall take place at the place of employment and during normal business hours. An employee may obtain a copy of his personnel record upon submission of a written request to his employer. G.L.c. 149, §52C (amended 1992).
The facts in this case are not in dispute. The employee submitted a written request to review the LAD file and the request was denied by the employer. The matter before this Court is the interpretation of Chapter 149, §52C and whether or not the employee’s IAD file is a “personnel record” within the meaning of that statute.
According to §52C, in order for an IAD file to rise to the level of a personnel record it must be used, among other things, to discipline an officer.[2] In those instances where the file is used for a disciplinary action, the Department agrees that it must disclose the relevant part of the file to the officer. In the instant case the plaintiff was assigned to administrative duty.[3] To determine whether or not the action taken towards the plaintiff was “discipline” one must look to the Department’s Manual of Rules and Procedures. Sections 6-11 enumerate the “scope of discipline” and they are as follows: oral reprimands, written reprimands, disciplinary probation, punishment duty, suspensions and discharge or reduction in rank. The plaintiff was not confronted with any of the enumerated actions of discipline in the Department’s Manual of Rules and Procedures. The plaintiff was assigned to administrative duty at the discretion of the Commissioner. The absence of an action of discipline, as defined by the Department’s rules and procedures, means the IAD files do not rise to the level of a personnel record within the meaning of Chapter 149, §52C. Consequently the IAD files are not personnel records and do not have to be disclosed pursuant to G.L.c. 149, §52C.
Because §52C contains language defining a “personnel record” as one which “may affect or be used relative to . . . disciplinary action,” one might argue that any record, at some point in the future, could possibly be used for a disciplinary action and thus must be divulged to an employee upon request. Until these records are used to affect a promotion, transfer or disciplinary action the IAD files are exempt from the disclosure requirement if the records are:
*43 “investigatory materials necessarily compiled out of the public view by law enforcement or other investigatory officials the disclosure of which materials would probably so prejudice the possibility of effective law enforcement that such disclosure would not be in the public interest.” G.L.c.4 §7, cl. 26th ffl.
As previously discussed, the Department does divulge the relevant portions of the IAD file to an officer faced with disciplinary action. If an officer is not faced with a disciplinary action then the IAD file is not disclosed to the officer and may only be accessed by the Police Commissioner, the Bureau of Internal Investigations, the Office of the Legal Advisor, and the officer’s Commanding Officer. If the IAD flies were regularly disclosed to officers in question, citizens and fellow officers would be discouraged from coming forward with complaints against those officers who may have broken Departmental rules and procedures. The effect on the ability of law enforcement to police itself would be chilling. This potential chilling effect is just the sort of situation that G.L.c. 4 §7, cl. 26th (f) was designed to alleviate.
CONCLUSION
A motion for summary judgment may be allowed when there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). In the present case there are no factual disputes. The only dispute is whether or not the IAD files concerning the plaintiff are “personnel records” within the meaning of G.L.c. 149, §52C. For the foregoing reasons this Court holds that the IAD files concerning the plaintiff are not personnel records within the meaning of the statute and, therefore, do not have to be disclosed to the plaintiff.
Therefore the motion of the plaintiff for summary judgment is denied and the cross-motion of the defendant for summary judgment is granted.

G.L.c.149, §52C defines “Employer” as “an individual, corporation, partnership, labor organization, unincorporated association or any other legal business, public or private, or commercial entity including agents of the employer.”

Chapter 149, §52C defines “personnel record” as “a record kept by an employer that identifies an employee, to the extent that the record is used or has been used, or may affect or be used relative to that employee’s qualifications for employment, promotion, transfer, additional compensation, or disciplinary action.”

Administrative duty is not a term defined by regulation or statute but is a generic term to describe desk duty.